LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jason Caudell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Jason Caudell,<br><br>                Plaintiff,<br><br>     vs.<br><br>Financial Credit Network, Inc. ; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Jason Caudell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jason Caudell (hereafter "Plaintiff"), is an adult individual residing in Visalia, California, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Financial Credit Network, Inc. (hereafter "FCN"), is a company with an address of 1300 West Main Street, Visalia, California 93291, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Financial Credit Network, Inc. and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Financial Credit Network, Inc. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Financial Credit Network, Inc. for collection, or Financial Credit Network, Inc. was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  FCN Engages in Harassment and Abusive Tactics**

12. The Defendant applied interest and fees to the debt, increasing the original debt from approximately $3,500.00 to approximately $5,500.00.

13. FCN harassed the Plaintiff with phone calls on a daily basis; during one particular conversation the Defendant told the Plaintiff "if you were a responsible person we wouldn't need to call you".

14. Defendant threatened the Plaintiff with a lawsuit even though the Plaintiff made payments. Specifically, the Plaintiff offered to make payments to the Defendant, to which the Defendant responded "Even if you pay we'll still sue you."

15. Defendant refused to honor the insurance payments that paid a portion of the Plaintiff's bill; the Defendant included that amount of money in the Plaintiff's debt.

16. The Plaintiff was served by the Defendant before 8:00 a.m. on a Sunday (at 6:45 a.m. on Father's Day, June 20, 2010).

17. The manner in which he was served on this particular day (6/20/2010) definitively jeopardized his employment.

18. Plaintiff's debts were charged off in bankruptcy proceedings that are being included in this lawsuit against him.

## C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

24. The Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

5

25. The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

26. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

27. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

29. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT II
# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. FCN, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

36. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

37. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

38. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

39. The Defendants communicated with the Plaintiff through a written correspondence which conveyed information about the debt and was intended to embarrass the Plaintiff.

40. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

41. The Defendants attempted to obtain an affirmation from the Plaintiff when the debt had been discharged and the Plaintiff had been adjudicated bankrupt, without informing the Plaintiff that he did not have an obligation to make such an affirmation, in violation of Cal. Civ. Code § 1788.14(a).

42. The Defendants attempted to collect from the Plaintiff the debt collector's fees and charges for service, in violation of Cal. Civ. Code § 1788.13(b).

43. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

8

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

9

1
2  DATED:  February 3, 2010                    LARA SHAPIRO
3
4
5                                               By:  /s/  Lara R. Shapiro
                                                Lara R. Shapiro
6
7                                               Attorney for Plaintiff
                                                Jason Caudell
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28