1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JASON CAUDELL,                          CASE NO. CV F 11-0188 LJO SMS

12                   Plaintiff,              **ORDER ON DEFENDANT'S F.R.Civ.P. 12**
                                             **MOTION TO DISMISS**
13          vs.                              (Doc. 6.)

14   FINANCIAL CREDIT
     NETWORK, INC.,
15
                     Defendant.
16   _____/

17                               **INTRODUCTION**

18          Defendant Financial Credit Network, Inc. ("FCN") seeks to dismiss as conclusory and

19   improperly pled plaintiff Jason Caudell's ("Mr. Caudell's") debt collection practices claims.   Mr.

20   Caudell filed no papers to oppose dismissal of his claims.  This Court considered FCN's F.R.Civ.P.

21   12(b)(6) motion to dismiss on the record and VACATES the April 18, 2011 hearing, pursuant to Local

22   Rule 230(c), (g).  For the reasons discussed below, this Court DISMISSES this action.

23                               **BACKGROUND**[1]

24                               **FCN's Debt Collection**

25          Mr. Caudell incurred consumer debt for which FCN is entitled to collect.  FCN applied interest

26   and fees to increase the debt from $3,500 to $5,500.  FCN harassed Mr. Caudell "with phone calls on

27   _____

28       [1]       The factual recitation is derived generally from Mr. Caudell's Complaint for Damages ("complaint").

                                                    1

a daily basis."  During a conversation, FCN told Mr. Caudell "if you were a responsible person we wouldn't need to call you."  FCN threatened Mr. Caudell with a "lawsuit" although Mr. Caudell made payments.  In response to Mr. Caudell's offer to make payments, FCN stated: "Even if you pay we'll still sue you."

FCN refused to honor insurance payments which paid a portion of Mr. Caudell's bill and included that amount in Mr. Caudell's debt.

FCN served Mr. Caudell at 6:45 a.m. on Sunday, June 20, 2010.  The "manner in which he was served . . . jeopardized his employment."

Debts included in the lawsuit against Mr. Caudell "were charged off in bankruptcy proceedings."

**Mr. Caudell's Claims**

The complaint's first claim alleges "repeated violations" of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.  The complaint's second claim alleges violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code, §§ 1788, et seq. This Court will address the 16 particular alleged FDCPA and RFDCPA violations below.  The complaint seeks recovery of actual, statutory and punitive damages, attorney fees and for Mr. Caudell's emotional distress.

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

FCN seeks to dismiss the complaint's claims as "bare legal conclusions, virtually devoid of any supporting factual allegations."  FCN faults the complaint's allegations as "not specifically tailored to this case" with no facts to demonstrate violation of the FDCPA and RFDCPA.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

1  *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency

2  of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

3       In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

4  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

5  can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

6  F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

7  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead*

8  *Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

9  assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.*

10  *Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must  not "assume that the [plaintiff] can prove

11  facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been

12  alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*,

13  459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that

14  the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney,*

15  *Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

16       A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

17  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

18  *Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

19  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

20  plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

21  *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

22  direct or inferential allegations respecting all the material elements necessary to sustain recovery under

23  some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

24  *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

25       In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently

26  explained:

27       . . . a complaint must contain sufficient factual matter, accepted as true, to "state
     a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
28   plaintiff pleads factual content that allows the court to draw the reasonable inference that

3

1   the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
2   akin to a "probability requirement," but it asks for more than a sheer possibility that a
    defendant has acted unlawfully.  (Citations omitted.)

3       After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

4   to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content,

5   must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

6   F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

7       The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

8           First, the tenet that a court must accept as true all of the allegations contained in
9   a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
    a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
    only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
10  . Determining whether a complaint states a plausible claim for relief will . . . be a
    context-specific task that requires the reviewing court to draw on its judicial experience
11  and common sense. . . . But where the well-pleaded facts do not permit the court to infer
    more than the mere possibility of misconduct, the complaint has alleged – but it has not
12  "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

13          In keeping with these principles a court considering a motion to dismiss can
    choose to begin by identifying pleadings that, because they are no more than conclusions,
14  are not entitled to the assumption of truth. While legal conclusions can provide the
    framework of a complaint, they must be supported by factual allegations. When there are
15  well-pleaded factual allegations, a court should assume their veracity and then determine
    whether they plausibly give rise to an entitlement to relief.

16

17  *Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

18      With these standards in mind, this Court turns to FCN's challenges to the complaint's claims.

19                  **Contacts At An Inconvenient Time And Place**

20      The complaint alleges that FCN contacted Mr. Caudell "at a place and during a time known to

21  be inconvenient" for Mr. Caudell and before 8 a.m. and 9 p.m. to violate 15 U.S.C. § 1692c(a)(1).  This

22  statute prohibits a debt collector to "communicate with a consumer in connection with the collection of

23  any debt . . . at any unusual time or place or a time or place known or which should be known to be

24  inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt

25  collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock

26  antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."  15 U.S.C. §

27  1692c(a)(1).

28      FCN faults the complaint's failure to indicate where and when Mr. Caudell was contacted, who

4

"specifically" contacted him, who knew "that the time and place of the alleged contact was inconvenient," and "how the time or place was known to be inconvenient" and to further explain the "kind of contact." FCN notes the complaint's limited time or place allegation that FCN served Mr. Caudell before 8 a.m. on Sunday, June 20, 2010. FCN argues that such allegation does not support a claim under 15 U.S.C. § 1692c(a)(1) in that the FDCPA excludes as a debt collector "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. § 1692a(6)(d).

FCN is correct that the complaint lacks facts to support a claim under 15 U.S.C. § 1692c(a)(1). The complaint alleges no facts to support that FCN's communications with Mr. Caudell occurred during an "unusual time or place or a time or place known or which should be known to be inconvenient" to Mr. Caudell. The reference to service of process does not support a FDCPA claim. The complaint's claims as to contacts at inconvenient time and place fail.

**Contact At Place Of Business**

The complaint alleges that FCN contacted Mr. Caudell "at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3)." This statute prohibits a debt collector to "communicate with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3).

FCN faults the complaint's absence of allegations to indicate the kind of contact at Mr. Caudell's place of employment, where and when in particular the contact occurred, who knew the employer prohibited such communications, and how such person allegedly knew.

FCN is correct that the complaint lacks facts to support a claim under 15 U.S.C. § 1692c(a)(3). The complaint is silent as to how FCN knew or had reason to know that Mr. Caudell's employer prohibits him from receiving debt collection communications. The complaint does not even identify the employer. The complaint's contact at business claim fails.

**Profane, Obscene And Abusive Language**

The complaint alleges that FCN used profane, obscene and abusive language when speaking with

5

1    Mr. Caudell to violate 15 U.S.C. § 1692d(2) and California Civil Code section 1788.11(a).

2         15 U.S.C. § 1692d(2) prohibits harassment, oppression and abuse in debt collection, including

3    "use of obscene or profane language or language the natural consequence of which is to abuse the hearer

4    or reader."  California Civil Code section 1788.11(a) likewise prohibits debt collection practice of

5    "[u]sing obscene or profane language."

6         15 U.S.C. § 1692d(2) "was meant to deter offensive language which is at least akin to profanity

7    or obscenity. Such offensive language might encompass name-calling, racial or ethnic slurs, and other

8    derogatory remarks which are similar in their offensiveness to obscene or profane remarks." *Jeter v.*

9    *Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985).

10        FCN faults the complaint's failure to identify profanity, obscenity or abusive language.  FCN

11   notes the complaint's limited references to "if you were a responsible person we wouldn't need to call

12   you" and "[e]ven if you pay we'll still sue you."  FCN argues that such statements fail to constitute

13   profanity or obscenity akin to name calling or racial or ethnic slurs and are not "naturally abusive."  FCN

14   equates the statements to the "debt collection process."  FCN further notes that the complaint fails to

15   identify the maker of the statements.

16        The "responsible person" and "sue you" comments are neither obscene nor profane.  The

17   complaint lacks specifics or context to constitute the comments as abusive.  The natural consequence

18   of the alleged statements does not rise to the level of profanity, obscenity or abuse to support FDCPA

19   and RFDCPA claims.

20                          **Repeated Phoning And Conversations**

21        The complaint alleges that FCN "caused a telephone to ring repeatedly" and engaged Mr. Caudell

22   in telephone conversations to annoy and harass him to violate 15 U.S.C. § 1692d(5) and California Civil

23   Code section 1788.11(d).  The complaint further alleges that FCN communicated with Mr. Caudell "with

24   such frequency as to be considered harassment" to violate California Civil Code section 1788.11(e).

25        15 U.S.C. § 1692d(5) prohibits harassment, oppression and abuse in debt collection, including

26   "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or

27   continuously with intent to annoy, abuse, or harass any person at the called number."  California Civil

28   Code section 1788.11(d) and (e) likewise prohibits debt collection practice of "[c]ausing a telephone to

1   ring repeatedly or continuously to annoy the person called" and communicating by telephone "with the

2   debtor with such frequency to be unreasonable and to constitute an harassment to the debtor under the

3   circumstances."

4        FCN urges this Court to examine the frequency and pattern of telephone calls "to determine

5   whether a debt collector has demonstrated an intent to harass."  FCN points to the complaint's allegation

6   of FCN's daily phone calls and contends that "merely calling once or more per day, is not, by itself,

7   sufficient to create liability for harassment."  FCN argues that the complaint lacks facts to constitute

8   harassment in the absence of allegations that "FCN undertook any other action related to calling Mr.

9   Caudell." FCN further faults the lack of allegations of the number and succession of telephone calls and

10  whether messages were left or FCN made contact with Mr. Caudell.

11       FCN raises valid points.  There are no allegations that FCN caused Mr. Caudell's telephone to

12  ring or engaged him in telephone conversations repeatedly or continuously.  The limited allegation of

13  daily telephone calls over an unspecified period fails to support unreasonable frequency to support

14  harassment.  In the absence of facts of frequency, pattern, duration and succession of telephone calls,

15  repeated telephoning and conversation claims fail.

16                       **Debt's Character, Amount And Legal Status**

17       The complaint alleges that FCN "misrepresented the character, amount and legal status of the

18  debt" to violate 15 U.S.C. § 1692e(2).

19       The statute prohibits use of "false, deceptive, or misleading representation or means in

20  connection with the collection of any debt," including a false representation of "the character, amount,

21  or legal status of any debt."  15 U.S.C. § 1692e(2). To successfully state a claim pursuant to 15 U.S.C.

22  § 1692e(2), a plaintiff must show that the debt collector "knowingly or intentionally misrepresented the

23  amount of the debt."  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1175 (9th Cir.

24  2006) (citations omitted).

25       FCN points to the complaint's lack of facts that FCN misrepresented the character, amount or

26  legal status of Mr. Caudell's debt.  FCN notes "there is absolutely no allegation regarding what

27  constituted the misrepresentation" and "how the statement constituted a misrepresentation" to constitute

28  a debt misrepresentation claim as conclusory.  FCN points out that the complaint identifies only FCN's

                                           7

"responsible person" and "sue you" statements, neither of which is about debt.  FCN further criticizes the absence of facts of intent to misrepresent Mr. Caudell's debt.

The complaint lacks facts that FCN misrepresented the character, amount and legal status of Mr. Caudell's debt.  The complaint's only reference to the debt's amount is that it was increased from $3,500 to $5,500.  The complaint lacks clear allegations as to the debt's character or legal status let alone that FCN misrepresented its character or legal status.  The complaint merely alleges that FCN refused to honor insurance payments and that Mr. Caudell's debts "were charged off in bankruptcy proceedings." A claim based on misrepresentation of the character, amount or legal status of Mr. Caudell's debt fails.

**False And Deceptive Means**

The complaint alleges that FCN "employed false and deceptive means to collect a debt" to violate 15 U.S.C. § 1692e(10).  The statute prohibits "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(1).

FCN faults the complaint's absence of "the most basic factual allegation" as to "what constituted a false or deceptive 'means' to collect a debt."  FCN continues that there is no need to address falseness or deception when there no allegations to describe the means to collect the debt.

FCN is correct.  The complaint lacks allegations of the means used to collect Mr. Caudell's debt.  Allegations as to phone calls, including the "responsible person" and "sue you" comments fail to adequately address the debt collection means to support a FDCPA claim.  The false and deceptive means claim fails.

**Embarrassing Written Correspondence**

The complaint alleges that FCN communicated by written correspondence "which conveyed information about the debt and was intended to embarrass" Mr. Caudell.

FCN points to the lack of legal authority for the claim and facts of FCN's written communications "let alone any that conveyed information that was intended to embarrass Mr. Caudell." FCN attacks the complaint's failure to identify sent communication, its sender and information, or how the information was embarrassing.

The complaint identifies no FCN written communication and in particular no written

8

1   communication to embarrass Mr. Caudell.  An embarrassing written communication claim fails.

2   ### Additional Fees And Charges

3   The complaint alleges that FCN falsely represented that Mr. Caudell's debt "would be increased

4   by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when

5   the charges could not be legally added to the debt" to violate California Civil Code section 1788.13(e).

6   The statute prohibits debt collection by false representation that the "debt may be increased by the

7   addition of attorney's fees, investigation fees, service fees, finance charges or other charges."  Cal. Civ.

8   Code, § 1788.13(e).

9   FCN points to one potentially relevant alleged fact that FCN "applied interest and fees to the

10   debt, increasing the original debt from approximately $3,500.00 to approximately $5,500.00."  FCN

11   faults failure to identify the applied "interest and fees" or their type and an applicable prohibition to add

12   fees.  FCN further challenges the complaint's failure to allege "why the fees could not be legally added."

13   FCN's points are valid.  The complaint fails to identify the alleged misrepresentation of

14   additional fees and charges and the additional fees and charges.  The complaint merely references an

15   alleged increase in Mr. Caudell's debt.  There are no allegations that an FCN representative made

16   representations subject to California Civil Code section 1788.13(e).  An additional fees and costs claim

17   fails.

18   ### Debt Collector's Fees And Charges

19   The complaint alleges that FCN attempted to collect from Mr. Caudell "debt collector's fees and

20   charges for service" to violate California Civil Code section 1788.13(b), which prohibits debt collection

21   by a "false representation that any person is an attorney."

22   FCN faults the absence of allegations that FCN attempted to collect fees and to identify such

23   attempts, the particular fees and their amount.

24   FCN is correct.  The complaint lacks necessary facts to support that FCN attempted to collect

25   debt collector's fees.  There are no allegations that an FCN representative held himself/herself out as an

26   attorney.  A claim under California Civil Code section 1788.13(b) fails.

27   ### Discharged Debt Affirmation

28   The complaint alleges that FCN attempted to obtain Mr. Caudell's affirmations "when the debt

1   had been discharged" and that Mr. Caudell "had been adjudicated bankrupt" without informing him that

2   he had no obligation to make such affirmations to violate California Civil Code section 1788.14(a).  The

3   statute prohibits debt collection by "[o]btaining an affirmation from a debtor of a consumer debt which

4   has been discharged in bankruptcy, without clearly and conspicuously disclosing to the debtor, in

5   writing, at the time such affirmation is sought, the fact that the debtor is not legally obligated to make

6   such affirmation."

7        FCN notes the complaint's failure to alleged that "FCN ever communicated with Mr. Caudell

8   about an affirmation of debt, let alone that FCN 'attempted to obtain an affirmation.'" FCN points to the

9   absence of facts to identify FCN's communication about an affirmation and the means of such

10  communication, including "how any communication may have constituted an attempt to obtain an

11  affirmation."

12       There are no facts that FCN sought Mr. Caudell's affirmation that his debt had been discharged

13  in bankruptcy.  No allegations describe FCN's alleged communications and means of communication

14  to seek such affirmation.  A claim based on seeking affirmation of discharged debt fails.

15                      **Failure To Comply With FDCPA**

16       The complaint alleges that FCN did not comply with the FDCPA to violate California Civil Code

17  section 1788.17, which essentially holds debt collectors to comply with the FDCPA.  Such claim fails

18  in the absence of facts to support FDCPA claims.

19                      **CONCLUSION AND ORDER**

20       This Court construes the absence of Mr. Caudell's opposition or filing of an amended complaint

21  as his concession that he lacks facts to support his claims.  As such, this Court DISMISSES this action

22  with prejudice and DIRECTS the clerk to enter judgment in favor of defendant Financial Credit

23  Network, Inc. and against plaintiff Jason Caudell and to close this action.

24       IT IS SO ORDERED.

25  **Dated:    April 12, 2011**                        **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE
26

27

28

                                    10